IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**ROSE HARP**,  :
  :
  Plaintiff,  :
  :  Civil Action No. 7:07-CV-00042-HL
v.  :
  :
**WAL-MART STORES, INC.**,  :
  :
  Defendant.  :
_____

## **ORDER**

Before the Court is Plaintiff's Motion to Remand and for Costs (Doc. 6). The Plaintiff has moved this Court to remand this case to the State Court of Lowndes County, State of Georgia on the ground that Defendant's Notice of Removal was not filed within thirty (30) days after the receipt of Plaintiff's Complaint in accordance with 28 U.S.C. § 1446(b) (2000). The Plaintiff has also requested that this Court order the Defendant to pay Plaintiff's costs and attorney's fees pursuant to 28 U.S.C. § 1447(c) (2000). For the reasons set forth below, Plaintiff's Motion to Remand and for Costs is denied.

**I.  FACTS AND PROCEDURAL HISTORY**

On November 21, 2006, Plaintiff, a Georgia resident, filed her personal injury Complaint in the State Court of Lowndes County against Defendant Wal-Mart Stores, Inc., a Delaware corporation with its principal place of business in Arkansas. Defendant received service of process on November 30, 2006. Plaintiff's Complaint contained an unspecified demand for damages; Defendant therefore alleges that when it was served with process it lacked knowledge

that Plaintiff's claim exceeded the $75,000 sum required for this Court to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332 (2000). Defendant alleges that it first learned that Plaintiff's claim exceeded $75,000 on May 1, 2007, during Plaintiff's deposition. Accordingly, on May 7, 2007, six days after Plaintiff's deposition, Defendant filed a Notice of Removal on the basis of diversity jurisdiction. Subsequently, Plaintiff filed a Motion to Remand this case to the State Court of Lowndes County on the ground that Defendant's Notice of Removal was not timely because the Notice of Removal was not filed within thirty days of November 30, 2006, the date on which Defendant received service of process. In response, Defendant asserts that the Notice of Removal was timely because it was filed within thirty days of Plaintiff's May 1, 2007, deposition, the date on which Defendant alleges it first learned that Plaintiff's claim exceeded $75,000. At issue is whether the thirty-day removal period began to run on November 30, 2006, or on May 1, 2007.

## II.  ANALYSIS

Pursuant to 28 U.S.C. § 1441(a) (2000), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction...to the district court of the United States for the district and division embracing the place where such action is pending."  The defendant seeking removal must file the notice of removal within thirty days after the receipt of the initial complaint. 28 U.S.C. § 1446(b). If the case stated by the initial pleading is not removable, however, the defendant may file "a notice of removal...within thirty days after receipt...of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable...." Id. Defendant argues that the initial complaint in this case was not removable

because it contained an unspecified demand for damages, and therefore, Defendant did not have knowledge that the value of Plaintiff's claim exceeded $75,000. As a result, Defendant contends that the removal clock did not start to tick when it was served with the Complaint on November 30, 2006.

When a plaintiff's complaint contains an unspecified demand for damages, the defendant seeking to remove the case on the basis of diversity jurisdiction bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement of $75,000. Leonard v. Enterprise Rent-A-Car, 279 F.3d 967, 972 (11th Cir. 2002). In a recent case involving the Class Action Fairness Act of 2005 ("CAFA"), the Eleventh Circuit Court of Appeals discussed how the defendant can carry its burden of proving that the Plaintiff's claim exceeds the requisite jurisdictional amount See Lowery v. Ala. Power Co., 483 F.3d 1184 (11th Cir. 2007).[1] The Eleventh Circuit stated that in determining whether removal is appropriate, "the court considers the document received by the defendant from the plaintiff–be it the initial complaint or a later received paper–and determines whether that document and that notice of removal unambiguously establish federal jurisdiction." Id. at 1213 (emphasis added). Mere conclusory allegations and speculation as to the presence of diversity jurisdiction are insufficient to remove a case to federal court. Id. at 1213-15, 1216-17.

---

[1]Although the jurisdictional amount at issue in Lowery was the $5,000,000 required to remove a "mass action" under CAFA, the relevant holdings in Lowery are still applicable to this case because the Eleventh Circuit was interpreting the requirements of 28 U.S.C. § 1446, which is the same statute at issue in this case. See Lowery, 483 F.3d at 1211-13. Indeed, other district courts within the Eleventh Circuit have recognized this fact and have applied Lowery's holdings to typical diversity cases in which the jurisdictional amount is $75,000. See e.g., Constant v. Int'l House of Pancakes, Inc., 487 F. Supp. 2d 1308, 1310 (N.D. Ala. 2007).

Addressing the situation that is presently before this Court, the Eleventh Circuit stated that it is "highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case such as the one before us–where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice–without seriously testing the limits of compliance with [Federal Rule of Civil Procedure] 11." Lowery, 483 F.3d at 1213 n.63. The Court noted that in a case involving a complaint with an unspecified damages claim, a defendant typically cannot sign a notice of removal in good faith until the defendant receives "other paper" from the plaintiff containing information pertaining to the value of the plaintiff's claim. Id.; see also 28 U.S.C. § 1446(b). Such "other paper" includes, for example, deposition testimony. Lowery, 483 F.3d at 1212 n.62

Here, contrary to Plaintiff's assertion, the Plaintiff's Complaint did not start the running of the thirty-day removal period because the case as stated in the initial pleading was not removable.[2] Under the Eleventh Circuit's decision in Lowery, it is quite clear that a defendant generally cannot remove a case to federal court when the defendant has only the plaintiff's complaint containing an unspecified damages claim. Not only would the defendant at that time lack information sufficient to enable the defendant to carry its burden of proving that diversity jurisdiction exists, but the defendant would also be stretching the limits of Rule 11 by

---

[2]This Court need not address Plaintiff's discussion of the "revival exception" because the revival exception is relevant only when a defendant seeks to remove a case after the thirty-day removal period has already expired. See Doe v. Fla. Int'l Univ. Bd. of Trustees, 464 F. Supp. 2d 1259, 1261 (S.D. Fla. 2006). In this case, Defendant is not arguing that the thirty-day removal period has expired and that its removal right has somehow been revived. Instead, the Defendant removed this on the ground that the thirty-day removal period began to run on May 1, 2007.

speculating that the plaintiff's claim might exceed the jurisdictional amount. See id. Accordingly, the thirty-day time period did not begin to run on November 30, 2006, because the case stated by the Plaintiff's Complaint was not removable. Instead, the thirty-day removal period began to run on May 1, 2007, the date of Plaintiff's deposition. That is the date on which Defendant first received "other paper" from the Plaintiff containing information relevant to the actual value of Plaintiff's claim. Because Defendant filed its Notice of Removal within thirty days of May 1, 2007, the Notice of Removal was timely filed, and the Court need not address Plaintiff's Motion for Costs.

### III. CONCLUSION

Based on the reasons discussed herein, Plaintiff's Motion to Remand and for Costs (Doc. 6) is denied. This Court's Order entered on June 26, 2007, imposing a stay on the time in which Plaintiff had to respond to Defendant's Motion for Summary Judgment is hereby lifted, and Plaintiff has twenty (20) days from the entry of this Order to respond to Defendant's Motion for Summary Judgment.

**SO ORDERED**, this the 25th day of August, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc